Reading No. 1535 by Loretta Lynch is by Milt Kimethu v. Loretta Lynch. The title of the reading is 15-5, which is the first reading. Reading No. 1535 by Loretta Lynch is by Milt Kimethu v. Loretta Lynch. This is an immigration case. He's a 64-year-old native and citizen of Kenya. He's been here for almost 30 years as a wife, three children, two grandchildren. And this case, I believe you know the case history. I don't know if you want me to go into... So he is currently in the United States? He's been in the United States for almost 30 years. Never been removed? Never been removed. And just remind me, what is the event that precipitated these proceedings after all this time? Okay, so he entered in 86 as a student. And then around 1990, he got a job as a delivery boy for $2 an hour. And that was a violation of his student status, so he was put into removal. He was granted voluntary departure. And then he filed a motion to reopen within a month. The law has changed now. When you file a motion to reopen, it takes away the voluntary departure. So there used to be a penalty for voluntary departure. If you don't leave, there's a 10-year bar. Well, he conceded removability back in 1991. Right. So he should have left in 1991. He just decided... Well, he filed a motion to reopen his case. Yeah, but he conceded removability, and it was an extended time before he started filing these other things to change his status. Yeah. Well, I'm not sure what happened in between, but we were retained maybe in 2010 to do a motion to reopen for him. He was eligible for immigration based on his marriage to a U.S. citizen, who he was married to at that time for quite a while. He had approved a visa petition at that time. Does he remain married to that U.S. citizen? Yes, he does. How long have they been married? I would say they were married in the early 90s maybe, but he has three children and two grandchildren now. That's not what this case is about. No, it's not. It all comes down to this I-9 form. Right. So it comes down to the I-9 form, which it's really an important issue, and I'm glad this court is willing to hear it because basically what the government is alleging is a death sentence for him in terms of immigration. He has the burden of proof, right? Right. He has the burden of proof. He never said anything about why he was claiming to be a national or citizen or anything, did he? Well, I want to bring up two things. During the hearing, the government never mentioned this as a grounds in his case. What? That they're charging him with inadmissibility based on this. Yes. Checking the box? Right. But he was never given any notice that this is going to be the issue in his case. Before the IJ hearing. Right, before the IJ hearing. He didn't object that he was not provided notice. He didn't. There's nothing in the record that he contested that at the time. Well, I was not the attorney of record at the time, so I don't know. But I know he was blindsided. His attorney was blindsided. The point of these hearings really – No, they were not blindsided because his attorney didn't raise any objection. Well, prior case law I-9s are admissible. So even if he did object it, most likely, in a matter of fact, that they are admissible in immigration proceedings. But if he was given notice, he could have at least gone back to the employer, reviewed the record, see if it was accurate. What I find a problem with is there was nothing created in the record below that he claimed he had checked the box unknowingly. I mean, he didn't start to raise this until he got up here on appeal, and he can't do that. He can't wait like that. There's nothing below that he claims he was blindsided or didn't understand or his English was too bad. I understand he's got a Ph.D. in English as his first language. There's nothing like that. I mean, you're making statements that are just completely devoid of any support in the record. Well, let me go this. In immigration hearings, the judge has the right to question. They're not like a typical court hearing. The judge has the right to question the witness. Unless you're Judge Cohen's courtroom. So the judge didn't go any further to ask him. There's no outright statement anywhere in the record, I claim to be a citizen. The box he checked, he says, I'm a citizen or national. Claiming to be a national is not a violation of the immigration law. And ironically, him checking that box, he would have gained no advantage by claiming to be a citizen versus a national. What he was looking for was employment. So there would have been no advantage, and that's really important in this case because in other cases, there's a lot of other evidence. There's not that much case law on this issue. But on other cases where the alien was found to be inadmissible, there was a lot of other evidence that they claimed to be a citizen. In Diaz, for example, in this circuit, he made outright statements he claimed to be a citizen. In the 8th Circuit as well, they claimed to be a citizen. The alien was specifically asked. All the other case law is showing that. In this case, he submitted his own Social Security card. He submitted his own driver's license. That's crucial to this case. What's your best case in support of your position here that we should? My case is that the substantial evidence, there's no substantial evidence to show he claimed a citizen. All we have is an unauthenticated I-9 form that, as I said, he was never given a chance to go back to. There's nothing else in that form that says citizen or national. The problem is that the case law is against you because it says that it's the petitioner's burden to show that he did not misrepresent himself. And that's the Fernandez-Diaz v. Holder case in our circuit in 2013. And if the burden is on him, he has not, he didn't do or say anything below to satisfy the burden, which is the petitioner's burden to show that he didn't misrepresent himself when he checked the box. So maybe there's some ambiguity as to whether he was not a citizen or not a national, but he didn't try to address or correct that and satisfy his burden alone. So what are we, now that the matter is on appeal, what are we to do with that? Well, I'm contending he did satisfy his burden. No, he didn't. He didn't do a thing. He was asked what did he do to satisfy. The law puts a ridiculous burden on these immigrants. How can he prove a negative? If I ask someone in this room to prove you never stole anything. Well, that's what he's required to do. It's not that he didn't prove it. He didn't even attempt to prove it. Well, what I'm saying is maybe his attorney thought he had established his burden at that time because there's no false documents here. He submitted his own documents, and those are the same documents to show nationality, by the way. A birth certificate, not a birth certificate, a driver's license, Social Security. They weren't fraudulent documents. You say maybe his attorney thought that he had satisfied the burden. What, I mean, we have to speculate as to what was the mental process of his attorney. Your client can't prevail on that. Well, Mike, if this court is not willing to grant him, I request that the case be remanded to the immigration judge to further inquire and have this client testify of what his intent. The only thing that can be shown is his intent, his mental intent. There's no other proof that we can provide beside what's in the record. You claim an ineffective assistance of counsel, or are you claiming that it's… No, we're not claiming ineffective assistance of counsel. But we're saying the judge, in accordance with the field manual as well, the judge or the adjudicator is supposed to find out for sure what was his intent. You're saying it's a lack of due process because the judge didn't ask him that question outright. Yes, I am. What's your best case for that now? You have a good case on that? What's my best case for the due process? Yes, you have the top case in the whole country about that, for the failure of the judge to ask the claimant this question about an I-9 form. Well, as I said, we have looked at the field manual, which I believe the BIA didn't even want to consider it. This is all immigration, that it should be considered. And I also want to mention that as far as when it's the government's burden of proof, clear and convincing evidence, checking off that box was not considered clear and convincing evidence of a claim to nationality. So the court has to take that in light of what the alien's burden of proof is as well. You're out of time, but if you like, you could take some time from your five minutes that you reserve for rebuttal if you want to continue at this time. Well, let me hear. Can I come back? Yeah, you have five minutes, so you'll be able to come back and use your five minutes of rebuttal time. Okay, I'll do that. Okay. Thank you. Good morning. You may proceed. May it please the court, I am Jason Weiskopf for Respondent Loretta Lynch. In this case, the court should deny the petition for two reasons. First, substantial evidence supports the agency's denial of adjustment of status. As was discussed, making a false claim to citizenship is an absolute bar to adjustment of status, for which there is no waiver. It has to be a claim of citizenship not being a national, right? It has to be a claim to, yes, being a citizen, correct, yes. So claiming to be a national is not enough? Claiming to be a national is not enough, and that's why, again, what's so important in this case is the burden case. Petitioner cites a lot of cases that involve removability, where the burden is on the government to show by clearing convincing evidence that someone's removable. That's not an issue. That hasn't been an issue since he admitted he was removable in the 90s. When you are seeking adjustment of status, you have to show that you are admissible and not inadmissible. So to do so, you have to- The petitioner bears the burden of proving eligibility for adjustment of status. Correct. And, I mean, Judge Clay may have already mentioned it, but what is the case in our circuit, if there is one, that makes clear that the petitioner would have the burden of showing he's not ineligible under this provision? Yes. I would say the most clear case is the Ferens case. That's 612F3-528, and that's where, definitively, the burden was allocated. The Ferens case- What was going on there? That was, again, a case where someone was seeking to get into the United States through adjustment of status, and it was discussed where- Seeking to remain here. Seeking to remain here, yes. So when I say seeking to get admission to the United States, that's the legal fiction, the idea. Even if you're here, that doesn't mean you're legally here. So that's what I'm referring to as admissibility. What was the name of that case? That's the Ferens case. It's F-E-R-R-A-N-S. And petitioner made a mention that when petitioner's counsel mentioned that when he was seeking employment through marking the citizen or national box, he wasn't actually seeking to get a benefit in terms of whether you're trying to seek a purpose or benefit. And the Ferens case also addresses that argument. That's a new argument before this court, and it was never raised before the agency I went to. Is this the form that he had to fill out to get a job? Yes, the form I-9, where you mark citizen or national of the United States. If he was a national, he could get a job, and he wouldn't have this problem, right? That's a good question. I actually am not certain on that. I assume, yes. He wouldn't have the problem he has here of making the false claim to citizenship, yes. But, again, there's never been any evidence raised that he's a national, that he was claiming to be a national. I mean, please pardon a really stupid question, but what, again, is it to be a national of the United States? Sure. One can understand how somebody would be confused with this form, but what is it? Sure. So a national of the United States is someone who's born in one of the outlying territories, like American Samoa. I believe there's only two territories that is now, or descended from one of those people who were born there. So that's how you would have national status. Not citizens. Not citizens. They don't have full voting rights, the ability to serve in office, things like that, but are able to be employed, yes, correct. So how does this case arise again? I mean, this gentleman's been here for 20-something years, and here we are in 2015. After he's been married, he's got three kids, grandkids, and we've got this case in front of us. Was it his own application for adjustment of status, sort of like out of the blue or something, that started this? What's the context of this? He moved to reopen and sought adjustment of status based on, in the 90s at first, I think, based on an initial attempt at marriage, but there wasn't evidence, so the judge denied that motion. He came back later, I think 2009, again, raised a motion to reopen, seeking adjustment of status. That worked its way up, actually, to the Sixth Circuit, and we looked at the case and thought it needed to go back to the agency to make sure he wasn't eligible for adjustment of status for them to consider that further. Then it gets back, and during the immigration court proceedings, the I-9s are discovered and offered into evidence, showing that he's barred from adjustment of status. This goes a long way back on all these hearings, doesn't it? Yes, it does. When was the first hearing held? It was, I believe he... About 20 years ago. It was 1991, I believe, or 1989, when he was initially... About 25 years ago. ...ordered removed. He came on a student visa, and he conceded removability, so because he was on a student visa, he was prohibited from working. Does that mean that he never should have submitted an I-9 form in the first place? Because his reason for doing that was that he wanted employment, isn't it? Yes, yes. Really, he never should have even submitted the form because he was over here on a student visa, so he was prohibited from working in the first place. Is that correct, or is that not correct? No, that's correct, and that's actually why he was initially ordered removed. It's because he was on a student visa. He violated the terms of a student visa by getting a job here and has effectively never been able to work in the United States. He was giving voluntary departure in lieu of being removed. When was that first order of removal that led to the voluntary departure? I believe it was 1991, Your Honor. And that's before these I-9 forms are filled out? Yes, yes, yes. I believe those were filled out in 2005 and 2008. Just out of curiosity, how has this gentleman been supporting himself all this time? Has he been presumably working illegally, or what's been going on? Well, he's filled out I-9 forms, and he's been working with technology companies during that time. He submitted a driver's license and a Social Security card. He says along with those, which he says are not fraudulent, I'm not clear, and it's not clear from the record how you would have a Social Security card that allowed you to work that was not fraudulent. If he's working, is that in violation of his immigration status? Well, he actually doesn't have any immigration status in the United States. That's the problem, because he was ordered removed. He should not be here at all. He hasn't had any status since that time. Well, there's no real argument that if it went back down, that he could claim that he signed that form thinking he was a national. If a national is somebody who was born in a territory, wouldn't he? Unless he has some evidence of that, none of that's ever been presented. He says he's from Kenya. He admits he's from Kenya, not from Samoa. Yes, exactly. The legal framework here is he's seeking eligibility. There's a provision that says you are not eligible if you've done certain things. One of them is claiming citizenship, right? Correct. But just to be clear, I'm not trying to make a point, but working here illegally is not one of those things that would make you just per se ineligible. Is that correct? Not that I'm aware of. I don't believe so. Working here illegally would not. But it probably goes into, I mean, the person's behavior or whatever probably goes to the more discretionary determination that we do not review. Yes. It would be very difficult to adjust status in the United States in the current regime if that was an absolute bar to adjustment of status, just working illegally in the United States as opposed to making a false claim to citizenship. Yes. And so, again, this whole thing is these proceedings began because he moved to reopen in 2009 or something, seeking to do that. The latest time, yes. Yes, correct. I mean, is the removal, I mean, the true physical removal machinery powered up in this case, or is the department just reacting to this man's petition? This person has been under the supervision of the Department of Homeland Security. I can't comment on when they're going to remove him urgently, but he has been monitored for many, many years by them. Really? Okay, that's fine. I mean, you know, obviously there would presumably be a lot of hardship to his American citizen family, but, you know, that's not here. These are human beings. I'm just sort of curious what's going on. Exactly. And, again, I want to say that our office and the Department of Homeland Security, we consider every case for prosecutorial discretion. In this case, it was obviously because it was sent back to the agency to explore eligibility for adjustment of status. Again, this is something, this is a case that we had really looked at in regards to things like that. I'll address quickly the petitioner's claim that his right to due process was violated. In immigration proceedings, you are entitled to full and fair hearing on the merits. Here he received that. He was not deprived of that merely because DHS offered the I-9 into evidence. As it's been admitted, as petitioner's admitted, the I-9 can be admitted into evidence based on the board's case in matter of BET. Was the government supposed to give notice of that or a heads up before? I mean, is your position that, yeah, we probably should have done it, but it was harmless and they didn't object, or is it that you did not have an obligation to let them know ahead of time? There is, in the immigration court manual, generally you have to submit evidence two weeks in advance. Is there an enforceable court rule? You know, like how the rules of civil procedure, they're law. Right, right, no. The manual is not law. No, no, it's administrative. Is there any law that required you to give a heads up? No. And again, they didn't object to its admission. And again, they don't show prejudice as to what the issue would have been if the due process violation would not be just admitting the I-9, the I-9 is admissible. Any possible due process violation would have been not putting it in the record two weeks earlier, and they've never again said how they were prejudiced by that because there's been no arguments again that they're a national or they would have treated the case any differently. And they don't say that he was ineffective or counsel was. No, and to do so, to go down that path, you file a motion to reopen with the board and seek that. I'll sum up if you don't have any other questions and then give back the remainder of my time. Again, substantial evidence supports the agency's determination. A false claim to citizenship is an absolute bar to adjustment of status. Thank you. Thank you. Any rebuttal? Thank you. Just wanted to address a couple of questions that were raised. So working illegally, certain types of adjustment, it is a bar. But in this case, marriage to a U.S. citizen, there's an exception. So him working illegally would have no effect on his adjustment of status. The main issue is him checking that citizen or national box in which there's no waiver. Some violations, there's a waiver. In this case, there's no waiver for that. And just want to reiterate that the evidence in the record, there is not substantial evidence to show that he claimed to be a citizen. Well, I mean, do you agree that it is your burden, your client's burden, to prove that he is not ineligible under this provision? I agree. Which means he has to prove that he did not claim citizenship. It's his burden to show that he meant national, not citizen. Yeah, I agree. I agree with that. He hadn't filed an affidavit since this came up, has he, that he thought he was a national and not a citizen? He filed an affidavit saying he checked that box because the documentation he had was consistent with that, meaning if he had checked permanent resident, he didn't have a permanent resident card. But my contention is if it's unclear to this court, the case needs to be remanded. I mean, with such a – What's unclear? Does your client claim to be a national, a U.S. national? There's nothing in the record. I can't say what my client thought, but there's nothing in the record that shows either. Hold on. I'm not asking you what's in the record. I'm assuming you're familiar with your client and his circumstances. I'm asking you, as his attorney, does he claim to be a national, a U.S. national? He's neither, okay? Obviously, he lied on the application. He's neither a U.S. citizen, he's not a national either. He is a citizen of Kenya. But I guess the ultimate question here, I mean, the burden really seems to be quite important in this case. And the ultimate question – let me put it this way. Isn't the question here whether the department, the board, whether substantial evidence supports the board's determination that your client did not prove he meant national? Say it again. Substantial evidence. I apologize for the negatives. I think I understand what you're saying. So your client has the burden to show he meant national rather than citizen. It's a substantial evidence standard of review. Putting that together means did the department have substantial evidence? Does substantial evidence support the board's determination that your client did not prove he meant national? Well, there's – what's in the record doesn't prove either way. I'm not asking the answer. I'm trying to frame the question. Do you agree that's the question? There's nothing to show that he intended to be national. I'm not – I'm asking – it's very important we understand what the right question is. Is that the right question? Don't worry about the answer. Is that the right question? Whether substantial evidence supports the board's determination that your client did not prove he meant national? Well, I would frame it as does substantial evidence show that he is inadmissible as claiming to be a U.S. citizen? That puts the burden on the government, which I think you said they don't bear. Well, I don't know if that puts a burden on the government. I think that's what – what is the question in this case is what the substantial evidence is showing. And I mentioned before that any – with immigration, any ambiguity in the case is always construed in favor of the alien because of the equities in this case. Not if they bear the burden. Well, as I said, if this court doesn't feel that he established his burden, at least give him a chance to remand and testify to what his intent was. These are good people that we're sending away PhDs, no criminal record. Well, I'm sorry. Go ahead. I mean, losing this – we're not in a proceeding here where he's about to leave the country is my gathering. This is something that he brought up. But he is under an order of supervision. Immigration has been extremely tough on him, and I know it's not anywhere in the record. But he's here. But they've been – obviously, they want to deport him. I mean, to go to his employer and dig up documents. They had an intent to find him inadmissible. Thank you so much for your time. Thank you. Thank you. And the case is submitted.